UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY HOWELL,

    Plaintiff,

v.                                                CASE No. 8:04-CV-1194-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision will be affirmed.

I.

The plaintiff, who was thirty-five years old at the time of the administrative hearing and who has a high school education, has worked primarily as a telemarketer, order verifier, and assembler. She filed claims for Social Security disability benefits and supplemental security income

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 17).

payments, alleging that she became disabled due to back pain, neck pain, headaches and being overweight (Tr. 57). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of chronic neck and back pain, obesity and non-insulin dependent diabetes (Tr. 17). He concluded that these impairments limited the plaintiff to light work (<u>id</u>.). The law judge ruled that the limitation to light work did not preclude the plaintiff from returning to prior work as a telemarketer, order verifier or assembler (<u>id</u>.). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under

the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is

supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge, as indicated, found that the plaintiff has severe impairments of chronic neck and back pain, obesity, and non-insulin dependent diabetes. He concluded that, despite these impairments, the plaintiff could perform light work. Importantly, no treating or examining physician said otherwise. Thus, there was no opinion from a treating or examining physician stating that the plaintiff was disabled. Indeed, no such physician even opined regarding any functional limitations.

The plaintiff argues that the law judge erred in assessing the plaintiff's depression as non-severe. An impairment is considered non-severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work. Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). The

law judge could reasonably conclude that the plaintiff's depression fell into that category.

As the law judge pointed out, the plaintiff receives no mental health treatment (Tr. 15). Contrary to the plaintiff's suggestion, this is not a case where the plaintiff did not have an insight into her mental health status. Rather, she told an examining physician and psychologist about the problem (Tr. 106, 120). Further, the plaintiff was being seen by a family physician (Tr. 138-42) and that doctor did not think it necessary to refer the plaintiff to a mental health specialist. Consequently, in this case, the law judge was entitled to give substantial weight to the lack of any mental health treatment.

In view of the absence of any report from a mental health expert, the plaintiff was sent for a consultative examination by Dr. Don DelBeato, a clinical psychologist. His report also supports the conclusion that the plaintiff's depression was non-severe. Dr. DelBeato rendered the diagnostic impression of "[a]nxious depression related to medical condition" (Tr. 122). Further, he assessed her Global Assessment of Functioning ("GAF") at 65, which is mid-range of a category of mild symptoms. See Diagnostic and Statistical Manual of Mental Disorders, 4th

ed., p. 32. The GAF of 65 thus clearly supports the law judge's conclusion that the plaintiff's depression was non-severe.

The plaintiff argues that Dr. DelBeato's report shows that the impairment is severe. In making this argument, the plaintiff gets more out of Dr. DelBeato's report than the law judge did. The plaintiff points to the following language of the report in support of her contention (Tr. 122):

> Patient can follow simple, oral instructions. She can do routine repetitive tasks. She can do simple light assembly. She would have problems with achieving production norms related to pain. She would have problems with reliable attendance related to pain.

These comments, particularly in light of Dr. DelBeato's GAF assessment of 65, do not compel a finding that the plaintiff's depression is severe. While these comments say what the plaintiff can do, they do not say what she cannot do. In other words, the comments are about what tasks she can perform do not purport to state limitations.

Further, the remarks about production and attendance problems were based upon the plaintiff's complaints of pain. The law judge, however, discounted the plaintiff's complaints of pain. Therefore, he could correspondingly discount the remarks predicated upon those complaints.

Dr. DelBeato assessed the plaintiff's concentration as fair (Tr. 121). The law judge could reasonably conclude that this assessment meant that the plaintiff's concentration was not significantly impaired. Notably, a reviewing psychologist construed the assessment to mean that the plaintiff's concentration was "OK" (Tr. 215).

The plaintiff testified that her ability to work as a telemarketer was impaired because her concentration was adversely affected by her pain. As indicated, however, the law judge has discounted the plaintiff's complaints of pain. Thus, he could reasonably conclude that the plaintiff's concentration was not impaired to the extent that the plaintiff could not perform the job of telemarketer. The plaintiff acknowledged at the hearing that she knew the script "pretty well" (Tr. 273).

The law judge also supported his assessment of the plaintiff's concentration by noting that the plaintiff reads frequently (see Tr. 232) and that she remembers the plot and characters (Tr. 16). While the plaintiff tries to minimize this evidence by saying that it takes her three weeks to read a good-sized book (Tr. 294), that does not indicate that her concentration is impaired. To the contrary, it demonstrates that her concentration is good enough to remember the story over that period of time.

Moreover, even assuming that "fair" concentration is not adequate to perform the job of telemarketer, there is no indication that the jobs of order verifier and assembler required more than that. The ability to return to those types of jobs would be sufficient to defeat the plaintiff's claim for benefits.

In this connection, it is appropriate to note that the plaintiff's contention that the record did not adequately explain her prior jobs is unpersuasive. The record contains both written job descriptions (Tr. 72, 73), and answers to the law judge's inquiries about her prior work (Tr. 270-75). Significantly, it is the plaintiff's responsibility to show that she cannot return to past work. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000). Accordingly, if there was something undeveloped about the nature of the jobs that prevented her from performing them, she should have adduced that evidence at the hearing.

The plaintiff also asserts with respect to her contention that her depression was a severe impairment that the law judge improperly relied upon the opinions of non-examining reviewing psychologists. The law judge, however, expressly stated with respect to the mental impairment that it was based upon the history and examination findings (Tr. 15). In other

words, he relied upon the evidence that was in the record, including specifically Dr. DelBeato's report. He added, correctly, that his conclusion was supported by the opinions of the two psychologists, both of whom determined that the plaintiff's mental impairment was non-severe (id; see Tr. 123, 203). There is nothing improper about that analytical approach.

The plaintiff also challenges the law judge's credibility determination regarding the plaintiff's allegations of pain. The Eleventh Circuit articulated a number of years ago a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, the objectively determined medical condition does not, and could not reasonably, support the complaints of pain, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain. Landry v. Heckler, supra; Hand v. Heckler, 761 F.2d 1545

(11th Cir. 1985). He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556-57 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, supra, 761 F.2d at 1549 n.6. In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge in his decision articulated the correct criteria for evaluating subjective complaints, including pain (Tr. 16). Furthermore, he expressly discounted the plaintiff's alleged pain and limitations as not wholly credible, stating that they "were not fully consistent with the weight of the medical evidence and were not consistent with her daily activities"

(id.).  These reasons adequately support the law judge's credibility determination.

The plaintiff suggests that the law judge in making his credibility determination should have distinguished between exertional pain and non-exertional pain.  However, there is nothing in the pain standard or the regulations that calls for such a distinction.  The law judge's credibility determination therefore cannot be faulted on that ground.

In reaching his determination that the plaintiff is capable of performing light work, the law judge appropriately considered the meager medical evidence in the record.  As previously indicated, no physician has said that the plaintiff is disabled, or has even opined regarding functional limitations. Further, the plaintiff in her argument concerning her subjective complaints does not point to any objective medical findings that will support a claim of disability, or even a contention of a residual functional capacity of less than light work.  In addition, the law judge considered the fact that the plaintiff was not taking prescription pain medication (Tr. 16). Accordingly, the law judge could reasonably conclude that the medical evidence is inconsistent with the plaintiff's subjective complaints to the extent she asserts that they restrict her to less than light work.

Similarly, the law judge could reasonably find that the plaintiff's daily activities are inconsistent with allegations that she is limited to less than light work. The law judge pointed out that the plaintiff "does the cooking and housework, except for heavy cleaning and laundry, and cares for her [3½ year old] son" (Tr. 16). The plaintiff also testified that she drives (Tr. 299), goes to the supermarket and the flea market (Tr. 290, 291), attends yard sales (Tr. 291), and likes to go out of the house on weekends (Tr. 292, 296). Significantly, the plaintiff told her chiropractor on December 5, 2001, that her hobbies include walking, "which she participates in frequently" (Tr. 232) and that she "exercises from five to six days per week" (id.). At the hearing, the plaintiff attempted to minimize the evidence about frequent walking by saying that she only did that once or twice a week (Tr. 292). The law judge, however, could reasonably discount that explanation of the hobby of frequent walking as unpersuasive. The law judge, in sum, could reasonably find that the plaintiff's daily activities contradicted her subjective complaints. See Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987); Harwell v. Heckler, 735 F.2d 1292 (11th Cir. 1984).

IV.

-12-

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order.

DONE and ORDERED at Tampa, Florida, this <u>19th</u> day of September, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE